IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONA BLAKESLEE<br>2153 Carson Hill Road<br>Dubois, PA 15801,<br><br>                    Plaintiff<br>          v.<br><br>SUN LIFE ASSURANCE COMPANY<br>OF CANADA,<br>One Sun Life Executive Park<br>Wellesley Hills, MA 02481-5699<br><br>                    Defendant. | No.: |

## NOTICE OF REMOVAL

Defendant Sun Life Assurance Company of Canada ("Sun Life"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1441(a), (b) and (c), removing the above-captioned action to the United States District Court for the Western District of Pennsylvania, from the Court of Common Pleas of Allegheny County, and avers:

1.  This lawsuit was commenced by Plaintiff by the filing of a Writ of Summons in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania on November 30, 2018.

2.  The Complaint was served on Defendant on June 7, 2019. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3.  Plaintiff's allegations against Sun Life, as set forth in the Complaint, are in connection with the denial of a claim for benefits under a group life insurance policy issued by Sun Life ("Policy"). *See* Complaint.

1367931v.1

4. The group Policy was issued by Sun Life to Ruan Transportation Corporation ("Ruan"). *See* Sun Life Group Policy No. 221459-001, attached as Exhibit "B." As stated in the Policy, premiums for the coverage were funded in part by Ruan. Plaintiff concedes as much. Complaint, para. 9.

5. A cause of action filed in state court seeking recovery of benefits under an employee welfare benefit plan is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an action arising under a federal law. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987).

6. This Court has subject matter jurisdiction over this action based upon the Employee Retirement Income Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132 (a),(e)(1) and 1132(f). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441(a), (b) and (c). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits even where the civil action asserts a state law claim. *See Metro. Life,* 481 U.S. at 65-66 ("If a plaintiff's state-law claims are completely preempted by ERISA, the complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule'".) The purpose of this principle it to assure nationally uniform administration of such plan. *See Pilot Life v. Dedeaux*, 481 U.S. 41, 46. Thus, federal question jurisdiction exists under 28 U.S.C. § 1331.

7. This Notice of Removal is being filed within thirty (30) days of defendant's receipt of the Complaint as required by 28 U.S.C. § 1446(b).

8. No pleadings, process or orders other than the Complaint have been served on Sun Life and therefore no other pleadings, process or orders are attached to this Notice as required by 28 U.S.C. § 1446(a).

9. All fees required by law in connection with this notice have been filed by Defendant.

WHEREFORE, Sun Life Assurance Company of Canada removes the above-captioned matter to the United States District Court for the Western District of Pennsylvania from the Court of Common Pleas of Allegheny County.

>Respectfully submitted,
>
>WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
>
>BY: *s/Joshua Bachrach*
>Joshua Bachrach, Esquire
>Atty. Id. No. 68788
>Two Commerce Square
>2001 Market Street, Suite 3100
>Philadelphia, PA 19103
>(215) 627-6900 / (215) 627-2665 (f)
>Joshua.Bachrach@wilsonelser.com
>*Attorneys for Sun Life Assurance Company of Canada*

Date: June 21, 2019

## **CERTIFICATE OF SERVICE**

The undersigned counsel for defendant, Sun Life Assurance Company of Canada hereby certifies that a true and correct copy of the foregoing Notice of Removal was served on the all counsel of record electronically *via* the Court's ECF system when uploaded for filing, or alternatively by U.S. Mail, postage prepaid, addressed to:

> David M. Kobylinski, Esq..
> KOBYLINSKI + KOBYLINSKI
> 515 Court Place, Ste 4
> Pittsburgh, PA 15219

BY: *s/Joshua Bachrach*
Joshua Bachrach, Esquire

Date: June 21, 2019

1367931v.1