# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **MONA BLAKESLEE**<br>2153 Carson Hill Road<br>Dubois, PA 15801<br><br> Plaintiff,<br><br>  v.<br><br>**SUN LIFE ASSURANCE COMPANY OF CANADA,**<br>One Sun Life Executive Park<br>Wellesley Hills, MA 02481-5699,<br><br> Defendant. | CIVIL DIVISION<br><br>Docket #: GD-18-015334<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Filed on behalf of: Plaintiff.<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>David M. Kobylinski, Esquire<br>Pa. ID No.: 92233<br><br>Peter T. Kobylinski, Esquire<br>Pa. ID No.: 309832<br><br>KOBYLINSKI + KOBYLINSKI<br>515 Court Place, Ste 4<br>Pittsburgh, PA  15219<br>(412) 281-6600 |

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MONA BLAKESLEE, <br><br> Plaintiff, <br><br> v. <br><br> SUN LIFE ASSURANCE COMPANY OF CANADA, <br><br> Defendant. | CIVIL DIVISION <br><br> Docket #: GD-18-015334 <br><br> **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

       Lawyer Referral Service  
       Allegheny County Bar Association  
       11th Floor Koppers Building  
       436 Seventh Avenue  
       Pittsburgh, PA  15219  
       (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| MONA BLAKESLEE | ) |
|     Plaintiff, | ) CIVIL DIVISION |
| | ) |
|     v. | ) Docket #: GD-18-015334 |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) JURY TRIAL DEMANDED |
| | ) |
|     Defendant. | ) |

## COMPLAINT

NOW COMES Mona Blakeslee who avers as follows against defendant Sun Life Assurance Company of Canada:

### PARTIES & VENUE

1. Plaintiff Mona Blakeslee is an adult individual who resides at 2153 Carson Hill Road, DuBois, PA 15801.

2. Defendant Sun Life Assurance Company of Canada ("Sun Life") is a foreign entity with its principal place of business located at One Sun Life Executive Park, Wellesley Hills, MA 02481.

3. Venue is appropriate in Allegheny County because defendant conducts business herein on a regular and continuing basis.

### CONCISE STATEMENT OF MATERIAL FACTS

4. Mona Blakeslee is the surviving spouse of Thomas Blakeslee.

5. Thomas Blakeslee passed away on May 3, 2017 as the result of esophageal cancer.

3

6. Prior to becoming ill with esophageal cancer, Thomas Blakeslee was employed by Ruan Logistics.

7. While employed with Ruan Logistics, he insured his life through Sun Life in the amount of $77,000. Plaintiff was named as the policy's beneficiary.

8. Thomas Blakeslee became unable to work at Ruan Logistics due to the onset of his esophageal cancer. The cancer was terminal.

9. The life insurance policy provided to Thomas Blakeslee by Sun Life was partially funded by Ruan Logistics and partially funded by Thomas Blakeslee through deductions in his pay check.

10. The policy provided to Thomas Blakeslee provided portability benefits in the event that Mr. Blakeslee's employment with Ruan Logistics would cease.

11. Plaintiff, Thomas Blakeslee and their daughter Carrie, thereafter contacted Sun Life in order to port the policy into an individual life insurance policy.

12. Sun Life informed the Blakeslees that they had to complete a porting application and thereafter tender premium payments for the same. The Blakeslees They followed the instructions provided to them by Sun Life or its agents.

13. On January 13, 2017, the Blakeslees tendered a premium payment to Sun Life in the amount of $247.50. Sun Life accepted the same.

14. On February 23, 2017, the Blakeslees tendered another premium payment of $247.50 to Sun Life. Sun Life accepted the same.

15. On May 3, 2017, Thomas Blakeslee passed away as a result of his esophageal cancer.

16. Sun Life refused to pay the death benefit of $77,000 that it owed to plaintiff. Instead, on June 1, 2017, it attempted to issue a refund of the premiums it accepted prior to Thomas Blakeslee's death.

17. Plaintiff is not in possession of the insurance contract that existed between Thomas Blakeslee and Sun Life. Plaintiff believes and therefore avers that Sun Life is in possession of the same.

### FIRST COUNT - BREACH OF INSURANCE CONTRACT

18. The foregoing paragraphs are incorporated by reference as if set forth at length.

19. Thomas Blakeslee entered into an enforceable insurance contract with Sun Life whereby Sun Life agreed to insure Thomas Blakeslee's life for $77,000.00.

20. Plaintiff was the beneficiary of the life insurance contract.

21. Thomas Blakeslee and plaintiff fully met their obligations under the insurance contract.

22. Defendant has been advised of Mr. Blakeslee's death.

23. Defendant has been provided with a reasonable opportunity to evaluate plaintiff's claim and pay plaintiff benefits owed to her.

24. Defendant's failure and refusal to pay plaintiff the group life insurance policy is a breach of the insurance agreement.

**WHEREFORE**, plaintiff demands judgment in her favor and against defendant in the amount of $77,000.00 in addition to interests and costs.

### SECOND COUNT - BAD FAITH INSURANCE UNDER 42 Pa.C.S. § 8371

25. The foregoing paragraphs are incorporated herein by reference as if set forth at length.

26. Defendant lacked a reasonable basis in denying the benefits under the policy, and defendant knew of or recklessly disregarded its lack of reasonable basis in denying the claim.

27. Consequently, plaintiff respectfully requests that the Court order the following relief:

    a. That Defendant be ordered to pay the credit life insurance policy limits called for in the Policy;

    b. Punitive Damages.

    c. Interest.

    d. Attorney fees and costs.

**WHEREFORE**, plaintiff demands judgment in her favor and against defendant in the amount of $77,000.00, an award of punitive damages and an award of attorneys' fees in addition to interests and costs.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

    Respectfully submitted,

    **KOBYLINSKI + KOBYLINSKI**

    /s/ David M. Kobylinski
    David M. Kobylinski, Esquire

    *Counsel for Plaintiff*

Dated: June 7, 2019

CERTIFICATE OF SERVICE

I certify that on this day I caused a true and correct copy of the foregoing papers to served upon the following by email and regular mail:

Sigismund L. Sapinski, Jr., Esquire
Sun Life Financial
175 Addison Road
Windsor, CT 06095
sigismund.sapinski@sunlife.com


      /s/ David M. Kobylinski
David M. Kobylinski, Esquire (PA ID # 92233)

June 7, 2019

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

      /s/ David M. Kobylinski
David M. Kobylinski, Esquire (PA ID # 92233)

June 7, 2019